CHAMBERLAIN v. The THOMAS SPARKS. See Case No. 10,115.

CHAMBERLAIN (UNITED STATES v.). See Case No. 14,778.

CHAMBERLAIN (WALDEN v.). See Case No. 17,055.

CHAMBERLAIN (WARD v.). See Cases Nos. 17,151 and 17,152.

CHAMBERLAIN, The OLIVE. See Case No. 10,491.

CHAMBERLAINES, In re. See Case No. 4,855.

---

## Case No. 2,580.

In re CHAMBERLIN.

[9 Ben. 149;[1] 17 N. B. R. 49.]

District Court, S. D. New York. May, 1877.

BANKRUPTCY—PRIORITY OF DEBT TO STATE—COMPOSITION—ADJUDICATION.

1. A judgment recovered by the people of the state of New York against a surety in a bail bond given for the appearance of a person indicted for a crime, is a debt to the state, entitled to a priority in payment in full out of the assets of a debtor who files a petition in voluntary bankruptcy, and, without being adjudged a bankrupt, institutes proceedings for a composition.

2. But payment in full of the judgment by the debtor otherwise than out of his assets will not be made a condition precedent to the paying anything to a general creditor, under the composition.

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

3. The state is entitled to have the debtor adjudged a bankrupt, and to proceed to realize his assets for application on the judgment.

[In bankruptcy. In the matter of John F. Chamberlin.]

P. B. Olney, for the state.

L. H. Arnold, Jr., for debtor.

BLATCHFORD, District Judge. On the 29th of January, 1877, John F. Chamberlin filed a voluntary petition in bankruptcy in this court. In his schedules to such petition, he set forth as a debt to be paid in full, or entitled to priority, under the statute, the following: "Name of creditor—the people of the state of New York; residence and occupation—Charles S. Fairchild, attorney general of the state of New York, Albany, New York; amount—$10,000; contracted in the year 1874, at the city of New York; debt as surety on two bail bonds for William Hennessy Cook—judgment recovered on the said two bonds, on the 18th May, 1874, for $5,000 on each bond—said bonds were made by the said Cook as principal and the petitioner as surety." He did not set forth any creditor as holding securities. By his schedules his creditors were 87 in number and his debts amounted to $243,330.28, while his assets consisted of clothing of the value of $185 and 131 shares of the capital stock of three corporations, of the nominal value of $13,100. On such petition, the petitioner has never been adjudicated a bankrupt. On the same 29th of January, he presented to this court a petition, proposing a composition to his creditors of one per cent. of his indebtedness, to be paid in money within ten days after the final order on composition. The proper proceedings were had, and the composition was confirmed by 60 of the creditors, representing debts amounting to $170,944.01. The said debt to the people of the state of New York was not proved at the first meeting of creditors on the composition. In the statement of assets presented to that meeting, the only assets set forth are the said shares of stock, and it is stated therein that none of them are of any real value. All of the 60 creditors except one (whose debt was $260) appeared and signed by the same person as their attorney in fact. At the second meeting of creditors on the composition, the attorney-general of the state of New York filed, in behalf of the people of the state of New York, a proof of the said debt for $10,000 on the said two judgments, as a debt due to the people of the state of New York. The proof was not objected to. On the application to the court for the confirmation of the composition, the attorney-general applies to the court for an order that the people of the state of New York be paid the amounts due on the said two judgments in full, before the proposed compromise is carried out, or that the compromise be subject to the said debts.

The composition statute provides, that every composition shall, "subject to priorities declared in said act, provide for a pro rata payment or satisfaction, in money, to the creditors of such debtor, in proportion to the amount of their unsecured debts in respect to which any such security shall have been duly surrendered and given up." The priorities referred to are those provided for in section 5101 of the Revised Statutes, which enacts, that, "in the order for a dividend, the following claims shall be entitled to priority, and to be first paid in full, in the following order:" The third in the list is this: "All debts due to the state in which the proceedings in bankruptcy are pending, and all taxes and assessments made under the laws thereof."

It is contended for the state, that the proper construction of the composition statute is, that a debt due to the state must be paid in full before anything can be paid to any general creditor under the composition. The priority secured by section 5101 is priority in payment out of the assets of the bankrupt, priority in the division of the proceeds of such assets. Such proceeds are to be devoted towards paying the preferred claims, and in full, if sufficient, in the order designated, before the general creditors can receive anything out of such proceeds. This priority is preserved by the composition statute. But there is nothing more given to the preferred creditor. He can only have, under the composition statute, a priority in payment out of what assets the debtor has which would go to his assignee in bankruptcy. The statute does not give him more than such priority. It does not impose on the debtor, as a condition precedent to a composition, that he shall pay in full all the claims which, under section 5101, are entitled to priority.

If the debtor in this case has any assets, those assets must be devoted by him to the payment of the debts which are declared by section 5101 to be entitled to priority, before any part of such assets can be devoted to paying any part of the composition to the general creditors. So far as now appears, the assets set forth by the debtor have no value, and the money wherewith the composition will be paid, if paid, is to come from some source other than any assets which would go to an assignee in bankruptcy in this proceeding. Yet, if the debt to the state is a preferred debt, the state is entitled to have those assets so administered that they will be applied towards paying its debt, and is entitled to have the debtor adjudicated a bankrupt, and to have an assignee appointed. So, also, if there be other assets of the debtor, not yet disclosed. To this end the state is entitled to examine the debtor in the composition proceedings, and also to examine witnesses, to show that the debtor has other assets. This is necessary, to enable the court to determine whether the composition "is for the best interest of all concerned," including the state, and the examination may now be had.

If it should turn out that the debtor has no assets of any value, the fact that the state would be entitled to priority, in payment out of the assets, if there were any, will be no impediment to the confirming of the composition; and the composition, if confirmed, will bind the state equally with other creditors whom it will bind. If it should turn out that there are assets of value, the state will be enabled to take measures to secure its priority in respect to such assets, while the question of confirming the composition will remain to be determined.

It is contended, for the debtor, that the debts in this case are not due to the state, although the judgments are in favor of the people of the state, because, under some provisions of the state statutes, the money, when collected, may go into the treasury of the county of New York. But, neither the county of New York, nor its county treasurer, nor its treasury, is the creditor. The state is the creditor. The state may direct what shall be done with the money, when collected. It may do so, in advance of the collection, or it may make such disposition of the money, as it pleases, after the collection. Until the money is collected, the debt is the property of the state and the money is due to the state. Any and all laws now in force in regard to the disposition of the money when collected may be repealed before the money is collected, and a new law be before that time enacted, directing that the money be paid into the state treasury. The state is the real creditor, having supreme control over the debt, and the right to say what shall be done with its own property. The bonds on which the payments were recovered were given in the course of the administration of the criminal laws of the state, as security for the appearance of an indicted person to answer to the indictments. A decision that judgments in the name of the state on such bonds are debts due to the state, does not necessarily require a decision that other bonds to the people of the state, in respect to matters not exclusively of public concern, but really to secure private rights, where the state is not the real creditor, but only the nominal creditor for the use of the real creditor, create debts due to the state, within section 5,101.

The proof of debt filed by the district attorney of the city and county of New York on these judgments, being shown to have been filed under a misapprehension and in ignorance of the fact that one had been previously filed by the attorney general, may be withdrawn.

The question as to the constitutionality of the provisions for composition is disposed of by the decisions of this court and of the circuit court for this district in Re Reiman [Cases Nos. 11,673 and 11,675].